**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| SALVATORE J. SOWELL, | :   Case No. 2:26-cv-367 |
| Plaintiff, | : |
| | :   District Judge Michael H. Watson |
| vs. | :   Magistrate Judge Peter B. Silvain, Jr. |
| | : |
| JAZMIN ROEDERER, *et al*., | : |
| | : |
| Defendants. | : |
| | : |

**REPORT AND RECOMMENDATION[1]**

Plaintiff Salvatore J. Sowell, an Ohio inmate proceeding *pro se*, brings this 42 U.S.C. § 1983 action against seventeen Defendants, alleging nearly indecipherable claims concerning documents in his possession pertaining to a prior lawsuit. (Doc. 1-1, *PageID* 16). This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons below, it is **RECOMMENDED** that Plaintiff's motion (Doc. 1) be denied.

Congress has restricted a prisoner's right to proceed *in forma pauperis*. In accordance with § 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

The undersigned has determined that Plaintiff has "three strikes" as contemplated in § 1915(g) due to at least three lawsuits he filed that have been dismissed by this Court as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Sowell v. United States of America*, Case No. 2:23-cv-1683; *Sowell v. The Huntington Bank*, Case No. 2:23-cv-4250; and *Sowell v. United States of America, et al.*, Case No. 2:25-cv-3.

In view of Plaintiff's three "strikes," he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citations omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted).

With respect to Plaintiff's claims against the Defendants, the undersigned is unable to discern any facts from Plaintiff's Complaint that plausibly allege he meets the statutory exception set forth in § 1915(g).

The undersigned also notes that Plaintiff has been previously advised by the Court that allegations of the type that are contained in the instant case are insufficient to avoid the "three-strikes" rule. *See Sowell v. Huntington Bank*, Case No. 2:25-cv-1467 (March 16, 2026 Order adopting January 30, 2026 Report and Recommendation to deny motion to proceed *in forma pauperis*); *Sowell v. Twin Valley Behavioral Healthcare Facility*, Case No. 2:26-cv-192 (March 9,

2026 Report and Recommendation to deny motion to proceed *in forma pauperis* pending); Case No. 2:26-cv-299 (March 23, 2026 Report and Recommendation to deny motion to proceed *in forma pauperis* pending).  Furthermore, Plaintiff has a history of filing duplicative lawsuits and has been warned by "multiple judicial officers that his filing privileges may be restricted if he continues to file repetitive, frivolous lawsuits." *Sowell v. United States*, No. 2:25-cv-3, 2025 WL 1167186, at *5 (S.D. Ohio Apr. 22, 2025)*, report and recommendation adopted*, No. 2:25-cv-3, 2025 WL 1446910 (S.D. Ohio May 20, 2025) (detailing some of Sowell's recent litigation history). Plaintiff is again **WARNED** that if he continues to file repetitive and frivolous lawsuits, the Court will place additional filing restrictions upon him or declare him a vexatious litigator.

### IT IS THEREFORE RECOMMENDED:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED**.

2. Plaintiff be **ORDERED** to pay the full $405 filing fee ($350 filing fee, plus $55 administrative fee) required to commence this action **WITHIN THIRTY DAYS** of the date of the Court's Order adopting this Report and Recommendation, and that the Court advise Plaintiff that his failure to timely pay the full $405 fee within thirty days will result in the dismissal of this action

3. The Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

March 27, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

3

**NOTICE REGARDING OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).