**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| SALVATORE J. SOWELL, | : | Case No. 2:26-cv-367 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| JAZMIN ROEDERER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATION[1]**

On March 27, 2026, the undersigned issued a Report and Recommendation, finding that the Prison Litigation Reform Act (PLRA) prohibited Plaintiff, an inmate at the James A. Karnes Corrections Center, and frequent filer in this Court, from proceeding *in forma pauperis*. (Doc. 4). Specifically, the undersigned found that, because Plaintiff has had three or more actions dismissed by the Court as frivolous or for failure to state a claim (*i.e. Sowell v. United States of America*, Case No. 2:23-cv-1683 (Docs. 25; 27-28); *Sowell v. The Huntington Bank*, Case No. 2:23-cv-4250 (Docs. 6; 10-11); and *Sowell v. United States of America, et al.*, Case No. 2:25-cv-3 (Docs. 9-11)), the three "strikes" provision of the PLRA prohibits him from proceeding without the prepayment of fees or costs unless he "is under imminent danger of serious physical injury." (Doc. 4, at PageID 35 (citing 28 U.S.C. § 1915(g))). Because Plaintiff failed to allege facts suggesting he was in danger of serious physical harm at the time he filed his complaint in this case, the undersigned recommended denying his motion for leave to proceed *in forma pauperis*. (*Id*. at PageID 36).

---

[1] Attached is a NOTICE to the parties regarding objections to the Report and Recommendation.

In lieu of filing objections, Plaintiff filed two additional motions for leave to procced *in forma pauperis* (Doc. 5, *PageID* 46; Doc. 9), an amended complaint, with an express waiver attached (Doc. 5, *PageID* 38-43), a second amended complaint (Doc. 11), a motion for summary judgment (Doc. 6, *PageID* 59-60; Doc. 7); and a motion to waive sovereign immunities (Doc. 8). On April 22, 2026, the District Judge re-committed this matter to the undersigned to further evaluate Plaintiff's recent motions for leave to proceed *in forma pauperis*.  (Doc. 12, *PageID* 86). The District Judge also directed Plaintiff to cease filing documents, other than a properly filed objection to the instant Report and Recommendation, until the Court rules on Plaintiff's motions for leave to proceed *in forma pauperis*.  (*Id*.).  However, on April 22, 2026, the same day as the Court's Order, Plaintiff filed a supporting affidavit.  (Doc. 13).  Because Plaintiff's supporting affidavit was filed on the same day as the District Judge's Order directing him to cease filing documents, and because it looks like it was mailed before the Order was entered, the undersigned will, on this single occasion, consider the affidavit in an abundance of caution.  But the undersigned hereby reiterates the Distrct Judge's April 22, 2026 Order that Plaintiff is **ORDERED** to cease filing documents, other than a properly filed objection to the instant Report and Recommendation, until the Court rules on Plaintiff's motions for leave to proceed *in forma pauperis*.  (Doc. 12, *PageID* 86).

Having carefully considered each of Plaintiff's motions for leave to proceed *in forma pauperis*, as well as his other filings, the undersigned is unable to discern any facts that plausibly allege Plaintiff meets the statutory exception set forth in § 1915(g).  To invoke this exception to the three strikes rule, a plaintiff must allege particular facts showing immediate or impending serious physical injury in existence at the time he commenced the action.  *See Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (holding that, for a plaintiff to meet the imminent danger

2

exception, the threat of serious physical injury "must be real and proximate."). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98. "[T]he allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

The claims Plaintiff attempts to allege in his complaints are difficult to decipher. His initial complaint brings claims concerning documents in his possession relating to a lawsuit allegedly involving unlawful employment acts by Defendant Jazmine Roeder, an employee at Huntington Bank, dating back to May or June of 2022. (Doc. 1-1, *PageID* 16). Plaintiff also appears to allege that the filing of forged documents led to his unlawful imprisonment. (*Id*. at 17-18). His amended complaint is chiefly concerned with alleged violations of California law. (*See* Doc. 5, *PageID* 38 (titling the document as a "Complaint pursuant to Fed. R. Civ. P. 8(c) and Cal. R. Civ. P. 410.10")). His second amended complaint (Doc. 11) appears to be a series of excerpts from unidentified criminal statutes. None of his filings, however, allege a threat of serious physical injury to Plaintiff. *See Rittner*, 290 F. App'x at 797.

In so finding, the Court notes that Plaintiff's initial complaint appears to be concerned with alleged past harms dating back to 2022. (*See* Doc. 1-1, at PageID 16-18). While some of his filings mention criminal statutes that prohibit creating a risk of serious physical harm (*see* Doc. 5, *PageID* 39; Doc. 11, *PageID* 81), Plaintiff merely lists those statutes without any facts placing them into context or from which the Court can infer the existence of a risk of imminent harm to him. Conclusory and vague allegations of the type Plaintiff include in his filings are simply insufficient to satisfy the imminent danger exception. *See Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding a plaintiff's "unsupported, vague, self-serving, conclusory speculation" to be insufficient to satisfy the imminent danger exception).

3

Accordingly, because Plaintiff fails to allege particular facts showing any immediate or impending serious physical injury, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED:**

1. Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 1; 5; 9) be **DENIED**.

2. Plaintiff be **ORDERED** to pay the full $405 filing fee ($350 filing fee, plus $55 administrative fee) required to commence this action **WITHIN THIRTY DAYS** of the date of the Court's Order adopting this Report and Recommendation, and that the Court advise Plaintiff that his failure to timely pay the full $405 fee within thirty days will result in the dismissal of this action.

3. Plaintiff's pending motions for summary judgment (Docs. 6; 7) and to waive sovereign immunities (Doc. 8) be **DENIED without prejudice** to refile should he timely pay the $405 filing fee.

4. The Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

May 11, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

4

5

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).